**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., JOHN COBB,<br><br>Plaintiff-Relator,<br><br>v.<br><br>CHARLESTON COUNTY SCHOOL DISTRICT,<br><br>Defendant. | Case No. 2:25-cv-08752-DCN<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

Defendant Charleston County School District (the "District"), by and through its undersigned counsel, hereby moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In short, the Complaint alleges violation of the False Claims Act but fails to "describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.*, 707 F.3d 451, 454 (4th Cir. 2013) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 379 (4th Cir. 2008)).

## INTRODUCTION

Plaintiff John Cobb ("Plaintiff")[1] alleges the District violated the False Claims Act "FCA") in its receipt of $3 million in federal funds received through the Elementary and Secondary School Emergency Relief Fund ("ESSER") and CARES Act. By Order entered on June 25, 2025 (ECF #22), the Court granted, in part, the District's Motion for a More Definite Statement, finding that a more definite statement was "necessary to address Relator's vague, shotgun pleading."

---

[1] On December 17, 2025, the United States declined to intervene in this matter. ECF No. 10.

Plaintiff's Amended Complaint (ECF #23), while lengthier, fails to satisfy the pleading requirements of Rules 9(b) and 12(b)(6). The Amended Complaint fails to "connect the dots…between the alleged false claims and government payment." *United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 197 (4th Cir. 2018). In fact, the Amended Complaint fails to even allege the submission of a specific false or fraudulent claim that resulted in the government's payment of money to the District.

**LEGAL STANDARD**

**I. Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the facts alleged in the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the court must accept as true all the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court. *Twombly*, 550 U.S. at 558 (quotation marks and citation omitted). Legal conclusions, "couched as facts or unwarranted inferences, unreasonable conclusions, or arguments," will not do. *United States ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.*, 707 F.3d 451, 454 (4th Cir. 2013) (citation omitted).

## II. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9 governs the pleading of special matters and subsection (b) mandates that when alleging fraud, a party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In addition to meeting the plausibility standard of *Iqbal,* fraud claims under the FCA must be pleaded with particularity pursuant to Rule 9(b). *United States ex rel. Wheeler v. Acadia Healthcare Company, Inc.*, 127 F.4th 472, 485 (4th Cir. 2025). To satisfy Rule 9(b), a plaintiff asserting a claim under the Act "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Nathan*, 707 F.3d at 455 (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 379 (4th Cir. 2008)). "These circumstances are often 'referred to as the 'who, what, when, where, and how' of the alleged fraud." *Wheeler*, 127 F.4th at 485.

More specifically:

> The multiple purposes of Rule 9(b), namely, of providing notice to a defendant of its alleged misconduct, of preventing frivolous suits, of "eliminat[ing] fraud actions in which all the facts are learned after discovery," and of "protect[ing] defendants from harm to their goodwill and reputation," are as applicable in cases brought under the Act as they are in other fraud cases. Indeed, such purposes may apply with particular force in the context of the Act, given the potential consequences flowing from allegations of fraud by companies who transact business with the government. Moreover, we have emphasized that a claim brought under the Act that "rest[s] primarily on facts learned through the costly process of discovery . . . is precisely what Rule 9(b) seeks to prevent."

*Nathan*, 707 F.3d at 456 (quoting *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783–85 (4th Cir. 1999)).

**ARGUMENT**

**I. Plaintiff Fails to Sufficiently Plead a Violation of the False Claims Act.**

The FCA is an anti-fraud statute that imposes liability for those who make false statements and submit false claims to the Government. 31 U.S.C. § 3729(a)(1). "A false statement is actionable under the Act only if it constitutes a 'false or fraudulent *claim.*'" *Nathan*, 707 F.3d at 454. To state a claim under the FCA, a plaintiff must establish: "(1) that the defendant made a false statement or engaged in a fraudulent course of conduct; (2) such statement or conduct was made or carried out with the requisite scienter; (3) the statement or conduct was material; and (4) the statement or conduct caused the government to pay out money or to forfeit money due." *United States ex rel. Harrison v. Westinghouse Savannah River Co. (Harrison II)*, 352 F.3d 908, 913 (4th Cir. 2003). "Failure to adequately allege any of these elements dooms a claim." *Wheeler*, 127 F.4th 472, 487 (4th Cir. 2025) (quoting *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 188 (4th Cir. 2022)).

In his Amended Complaint, Plaintiff alleges that the District obtained ESSER/CARES funds by submitting Expenditure Reports for reimbursement to the S.C. Department of Education. (ECF #23, ¶ 24) He alleges that by virtue of a certification contained within the Expenditure Reports, the District made three express representations each time it submitted a Report: first, that the expenditures were incurred and paid in accordance with program rules and regulations; second, that payment was not duplicated or reimbursed from any other source; and third, that substantiating invoices and records were on file and available for audit. (*Id.*, ¶ 26)

Plaintiff alleges that each Expenditure Report submitted in connection with three separate projects was fraudulent because the contracts related to those projects were "directly negotiated with vendors without the proper procurement and competitive bidding process." (*Id.*, ¶¶ 27, 29)

The first project described in the Amended Complaint is the District 23 St. Paul's ("D23SP") project which "was designed to provide social and emotional support, including theater programs, teacher training, teacher salary, consultant salaries, community involvement and other related expenses." (*Id.*, ¶ 40) Plaintiff alleges that hiring of the D23SP project manager, Victor Young, was improper because it failed to follow standard procurement procedures and, therefore, that federal funds were misused by virtue of the District's payments to Young. (*Id.*, ¶¶ 40, 42-43) Also in relation to the D23SP project, Plaintiff alleges that Charleston Stage was wrongfully paid $221,000 of federal funding because: 1) the contract with Charleston Stage did not follow proper procurement procedures; and 2) the funds were used for "general school enrichment activities rather than their intended purpose of COVID-19 recovery." (*Id.*, ¶ 41) The Amended Complaint does not tie the allegations related to the D23SP project to the submission of a claim, that was false or fraudulent, and that resulted in the government's payment of money to the District.

The second project identified in the Amended Complaint is the "D20PCP" project which involved "providing daycare and tutorial services to students and teachers, and student entrepreneurship…" (*Id.*, ¶ 46) It appears that Plaintiff's contention with regard to this project is the District's payment of an "unusually high salary of $200,000" to Barbara Dilligard, an independent contractor, for grant writing and related consulting services. (*Id.*) Plaintiff alleges that the District failed to follow proper procurement procedures in contracting with Dilligard and that the payments made to Dilligard were an improper use of federal funding. (*Id.*, ¶¶ 46-47) The Amended Complaint does not tie the allegations related to the D20PCP project to the submission of a claim, that was false or fraudulent, and that resulted in the government's payment of money to the District.

The third and final project identified in the Amended Complaint is the "D4NC" project which involved the construction of a new athletic field at North Charleston High School. (*Id.*, ¶

49) Plaintiff alleges the D4NC project did not comply with federal procurement protocol and was an improper use of ESSER funds. (*Id.*) Plaintiff broadly alleges that the District submitted "false or fraudulent claims to the State in order to obtain federal funds to be used for the athletic field project, despite the project not qualifying under the ESSER rules and regulations." (*Id.*) Additionally, not only does Plaintiff fail to allege that the purportedly false claims caused the government to pay money, but he also concedes that the District's proposal was ***denied***. (*Id.*, ¶ 50)

Plaintiff's Amended Complaint fails to allege the "who, what, when, where and how of the alleged fraud" as required to defeat a motion to dismiss. *United States v. Savannah River Nuclear Sols.*, LLC, 2016 WL 7104823, at *9 (D.S.C. Dec. 6, 2016) (quoting *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 280 (4th Cir. 2014). In a FCA lawsuit, a plaintiff must "connect the dots, even if unsupported by precise documentation, between the alleged false claims and government payment." *United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 197 (4th Cir. 2018). It is not enough for a plaintiff to "merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *Nathan*, 707 F.3d at 456–57.

The Amended Complaint fails to allege the presentment of a specific claim, let alone a false claim, that was material and caused the federal government to pay funds to the District. The Amended Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Charleston County School District asks this Court to grant its Motion to Dismiss and to dismiss the Amended Complaint in its entirety and with prejudice.

**SAXTON AND STUMP**

By: *_/s/ Elizabeth Palmer_*
Alice F. Paylor, District Court ID #4017
Isabelle S. Young, District Court ID #14209
Elizabeth Palmer, District Court ID # 9716
Saxton & Stump, LLC
151 Meeting Street, Suite 400
Charleston, SC 29401
(843) 414-5080
afp@saxtonstump.com
iyoung@saxtonstump.com
ep@saxtonstump.com

ATTORNEYS FOR DEFENDANT

Charleston, SC
August 10, 2026