UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., JOHN COBB<br><br>Plaintiff-Relator,<br><br>vs.<br><br>COLLETON COUNTY SCHOOL DISTRICT,<br><br>Defendant. | CASE NO.: 2:25-CV-08752-DCN<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT |

The Plaintiff-Relator, John Cobb, respectfully submits this memorandum in response to Defendant Charleston County School District's ("Charleston County or CCSD") Motion to Dismiss Amended Complaint pursuant to Rule 12(b)(6) (ECF No. 24). For the reasons set forth below and those that may be advanced at oral arguments, Plaintiff would respectfully request that this court deny Defendant's Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter is brought by Relator John Cobb pursuant to the False Claims Act ("FCA") to recover monies illegally obtained by Charleston County from the Elementary and Secondary School Emergency Relief Fund ("ESSER") and CARES Act without following proper protocols, improperly designating contracts as sole source, non-competitive bid process, improperly vetting consultants, unusually large and inappropriate payments to unqualified consultants and contractors, and without using the funds for their intended and represented purposes leading to the submission of false or fraudulent claims to the government and misuse of at least three million dollars ($3,000,000.00) in ESSER and CARES act funds.

On July 29, 2025, Plaintiff filed suit under seal, on behalf of the United States of America

against Defendant Charleston County School District alleging violations of the False Claims Act. (ECF No. 1). On December 17, 2025, the United States notified the Court of its decision to decline to intervene in this action. (ECF No. 10). Pursuant to 31 U.S.C. § 3730(b)(1), Relator maintained the action in the name of the government. On December 18, 2025, the Court issued an order unsealing the matter. (ECF No. 11). Plaintiff served the Complaint upon Defendant and Charleston County filed a Motion to Dismiss. (ECF No. 16). On June 26, 2026, the Court issued an Order granting CCSD's motion to dismiss Relator's WPA claim, denying CCSD's motion to dismiss Relator's FCA claim, and granting CCSD's motion for a more definite statement as to Relator's FCA claim. (ECF No. 22). Thereafter, Plaintiff filed an Amended Complaint on July 27, 2026 (ECF No. 23) and Defendant filed a Motion to Dismiss on August 10, 2026. (ECF No. 24).

## STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the court "must draw all reasonable inferences in favor of the plaintiff". Evans v. United States, 105 F.4th 606 (4th Cir. 2024). (Citing Ray v. Roane, 948 F.3d 222 (4th Cir. 2020)). Dismissal is only appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 L.Ed.2d 868 (2009). (Citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". Id.

Rule 9(b) requires "that claimants plead fraud with particularity." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776 (4th Cir. 1999). Courts "should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular

circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." Id. A complaint need not "make a case" or "forecast evidence sufficient to prove an element," rather, the sufficiency of a complaint depends on "whether the document's allegations are detailed and informative enough to enable the defendant to respond." Chao v. Rivendell Woods, Inc., 415 F.3d 342 (4th Cir.2005) (internal quotation marks and citations omitted).

## ANALYSIS

Despite Defendant's contention, Plaintiff's Amended Complaint suffices the pleading requirements under Federal Rule of Civil Procedure 9(b) and 12(b), "connects the dots", and alleges a valid cause of action; CCSD knowingly presented false or fraudulent claims for payment to the government. The Amended Complaint alleges that CCSD intentionally and deliberately submitted false or fraudulent claims to the federal government for payment, specifically concerning the following projects: District 23 St. Paul's ("D23SP"), District 20 Principal Collaborative Program ("D20PCP"), and District 4 North Charleston ("D4NC").

The first project, D23SP, Charleston County awarded the contract to a single vendor, Victor C. Young ("Young") managing director of VCY Stratagem, LLC without going through the ordinary protocols and bidding process. CCSD improperly designated it as a sole source contract without putting the position out for bid, as appropriate under the program rules. CCSD knowingly submitted false or fraudulent claims concerning the D23SP project to the SC Department of Education for reimbursement of ESSER funds knowing Young was improperly hired and contracted under the program rules and regulations. Additionally, Charleston Stage was improperly presented as a sole source contract and did not follow the proper competitive bidding process. Charleston County knowingly submitted false or fraudulent claims regarding the D23SP-

Charleston Stage project to the SC Department of Education for reimbursement of ESSER funds knowing the project was an improper use of ESSER funds and did not qualify under the program rules and regulations. Young and the Charleston Stage project received improper government funds paid out of an ESSER-3 218 account/fund.

The second project, D20PCP, CCSD entered into a contract with Barbara Dilligard ("Dilligard") president of Karaton Services, LLC without the competitive bid process, paying an inappropriately high salary for consultant services. As a result, CCSD knowingly presented false or fraudulent claims to the SC Department of Education for reimbursement of ESSER/CARES funds with the knowledge that it was an improper use of funds and did not qualify for ESSER/CARES funding under the program rules and regulations.

The third project, D4NC, Charleston County knowingly submitted false or fraudulent claims regarding the construction of an athletic field. Despite knowing that renovations, remodeling and construction of athletic fields was not an allowable use of ESSER/Cares funds, Anita Huggins ("Huggins") submitted claims to the SC Department of Education for reimbursement of ESSER/Cares funding.

Defendant contends that Plaintiff fails to allege the "who, what, when, where, and how" of the fraud, as well as submission of a specific false or fraudulent claim that resulted in the government's payment of money to CCSD. The False Claims Act provides that "any person who… knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval…or…knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim…is liable to the United States Government." 31 U.S.C. § 3729(a)(1)(A)&(B).

At the motion-to-dismiss stage, the Relator is not required to plead the case with "perfect" precision or to prove each element with supporting documents. Defendant's motion insists that the Amended Complaint must "connect the dots" between the alleged misconduct and government payment through identification of specific payments, which are details that are primarily within CCSD's possession and control. The Amended Complaint sufficiently pleads the "who, what, when, where, and how" to give Defendant fair notice of the claims. Any additional specific evidence Defendant seeks—down to each reimbursement submission and supporting invoice—is appropriately tested in discovery, not used to impose a heightened "perfect pleading" standard on an FCA relator at this early stage.

The Amended Complaint alleges Charleston County and Superintendent Huggins negotiated, directed, approved, and/or improperly submitted reimbursement paperwork and invoices to the South Carolina Department of Education for ESSER/CARES funds. The Amended Complaint also identifies key consultants including Young and Dilligard as improper contractors who did not go through the proper bidding process. The Amended Complaint identifies the alleged false statements and submissions: certifications on CCSD's ESSER/CARES Expenditure Reports which certify that 1) expenditures were incurred and paid in accordance with applicable requirements, 2) were not duplicative, and 3) that supporting invoices/documentation were maintained and available for audit—and alleges those certifications were false or fraudulent as to the expenditures for the projects described.

The Amended Complaint further specifies the procurement defects, including negotiating vendor arrangements without competitive bidding process and improper designated sole-source contracts with untrue noncompetitive justifications. The Amended Complaint pleads specific dates tied to the challenged conduct, including that Cobb flagged D23SP procurement issues as early as

November 2, 2022; noncompetitive procurement justification activity occurred on or about October 6, 2023; Cobb raised vendor/contract concerns on or about November 29, 2023; Cobb denied the D4NC athletic field upgrade on October 26, 2023 and included correspondence from the SC Department of Education stating why the athletic field was not an allowable use of funds.

Relator also alleges that CCSD's procurement decisions were the "cause," and the reimbursements were the "effect." CCSD allegedly negotiated and treated the D23SP, D20PCP, and D4NC projects as noncompetitive/sole-source without proper justification, when there were other contractors who could complete the work and the project should have been put out for bid. Charleston County then sought ESSER/CARES reimbursement by submitting Expenditure Reports to SCDE that certified compliance. For example: (1) for D23SP, CCSD chose Victor C. Young/VCY Stratagem without competitive bidding, treated the engagement as sole source, and that Huggins negotiated the contract and approved/submitted improper invoices to SCDE for ESSER reimbursement; (2) for D20PCP, a $200,000 consultant payment to Barbara Dilligard/Karaton Services was procured without the required competition and was positioned for ESSER reimbursement under certifications of compliance; and (3) for D4NC, Cobb denied the athletic field project as unallowable and noncompliant, yet Huggins nevertheless contacted SCDE and pursued ESSER funding for the project. The Amended Complaint alleges that, when Cobb denied Charleston Stage and D4NC as not qualifying as sole-source procurements, Huggins continued to contact SCDE asserting the projects were sole source and qualified for ESSER funding, including pleading that CCSD funded part of Charleston Stage from operating funds and sought the remainder through ESSER reimbursement.

Plaintiff satisfies the pleading standard and alleges the "who, what, when, where, and how of the alleged fraud." Wheeler, 127 F.4th at 485 (4th Cir. 2025). The Amended Complaint alleges

the time, place and contacts of the false representations and identity of the person(s) making the misrepresentation(s) and what Defendant received as result thereof. See U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451 (4th Cir. 2013) ("a plaintiff asserting a claim under the Act must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby").

While employed by Charleston County as an executive director of federal programs from 2022 through his termination in 2024, Plaintiff's Amended Complaint alleges John Cobb obtained direct personal knowledge of the factual allegations, on several instances, Defendant knowingly presented or caused to be presented a false or fraudulent claim to the government for payment of ESSER funds. Thus, the Amended Complaint alleges a valid cause of action, including detailed allegations of false or fraudulent claims submitted to the government by Charleston County School District for payment of ESSER funds.

## CONCLUSION

For the foregoing reasons as well as any which may be advanced upon any hearing held hereon, Plaintiff respectfully submits that Defendant's Motion to Dismiss Amended Complaint should be denied.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted by:

By: *s/Michael A. Monastra*

Gedney M. Howe, IV (Federal Bar No. 13339)
Michael A. Monastra (Federal Bar No. 13587)
GEDNEY M. HOWE, IV, LLC
PO Box 1034
Charleston, SC 29402
Phone: 843-722-8048
Fax: 843-722-2140
Email: Gedney4@gedneyhowe.com
Email: Mmonastra@gedneyhowe.com

-and-

Vanisha Siler Brown (Federal Bar No. 13425)
Siler Law Firm
1318N. Main Street #1353
Summerville, SC 29483
Phone: 843-887-8877
Mobile: 843-467-9869
Fax: 843-564-0556
attorney@thesilerfirm.com

ATTORNEYS FOR PLAINTIFF- RELATOR
JOHN COBB

August 24, 2026
Charleston, South Carolina